UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DIANNA FOX,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | **MEMORANDUM OPINION AND ORDER**<br><br>Case No. 2:09-CV-00262-DB<br><br>Honorable Dee Benson |

Dianna Fox appeals the Commissioner of Social Security's decision denying her claim for Supplemental Security Income under Title XVI of the Social Security Act (the Act), 42 U.S.C.§§ 1381-1383c. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court REVERSES and REMANDS the Commissioner's decision for further consideration.

## **LEGAL STANDARDS**

This Court's review is guided by the Act and is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This Court "may neither reweigh the

evidence nor substitute [its] judgment for that of the [ALJ]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

## BACKGROUND

Dianna Fox, the plaintiff, filed an application for Disability Insurance Benefits and Supplemental Security Income on October 8, 2007. (T. 71). Ms. Fox's claim was initially denied on December 7, 2007 (T. 78), and upon reconsideration on April 23, 2008. (T. 85). Ms. Fox timely requested a hearing before an Administrative Law Judge ("ALJ") on May 27, 2008. (T. 91).

A hearing was held on August 25, 2008, in Salt Lake City, Utah before Administrative Law Judge, G. Alejandro Martinez. (T. 17). The ALJ issued a decision finding Ms. Fox not disabled on September 4, 2008. (T. 5). In this decision, the ALJ acknowledged that Ms. Fox suffered from the severe impairments of a personality disorder and affective disorder. However, he concluded that these impairments were well-controlled with medication and therefore, Ms. Fox was not disabled. (T. 8, 14). On February 10, 2009, the Appeals Council denied Ms. Fox's request for review of the ALJ's decision. (T. 1). This Appeals Council denial was the final administrative decision of the Commissioner of Social Security in this case. *See* 20 C.F.R. § 416.1481.

## DISCUSSION

In the 10th Circuit, substantial weight must be accorded the treating physician's opinion unless there is good cause to disregard it. *Tyson v. Ap*fel, 107 F. Supp. 2d 1267, 1269 (D. Colo. 2000). The ALJ must have substantial evidence to support his rejection of a treating physician's testimony. *Hintz v. Chater*, 913 F. Supp. 1486, 1492 (D. Kan. 1996).

In the present case, the ALJ rejected the opinions of Ms. Fox's treating psychologist, Mr. Jay Jeppson, a licensed psychologist. (T. 457). Mr. Jeppson had treated Ms. Fox since February 2001. (T. 462). Mr. Jeppson filled out two mental capacity assessments describing the extent of Ms. Fox's mental impairments. (T. 426-428, 459-461). Mr. Jeppson opined that Ms. Fox has moderate to marked impairment in most areas rated by the mental capacity assessment. (T. 426-428).

The ALJ stated he was giving Mr. Jeppson's opinions no weight because they were incongruent with the treatment records. (T. 14). He explained that this incongruity was due to the fact that Ms. Fox's mental impairments were well-controlled with medication. (T. 14). However, this finding that Ms. Fox's mental impairments are well-controlled with medication is not supported by substantial evidence and further, in making this finding, the ALJ substituted his judgment for that of the treating source. This is an error. There is no medical opinion in the record stating that Ms. Fox's impairments are well-controlled with medication. An ALJ cannot substitute his own opinion for a medical opinion. *Tiger v. Apfel*, 141 F.3d 1186 (10th Cir. 1998).

Further, even if this was a conclusion the ALJ can make, he failed to support it with substantial evidence. The ALJ was only able to cite to one record that stated Ms. Fox was doing well on her current medications. (T. 8). That record was from more than a year prior to her alleged onset date. (T. 8). This is just one progress note. There are many progress notes in the record that show she is not doing well on medication. The ALJ cannot pick and choose his evidence. "[T]he ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as

well as significantly probative evidence he rejects." *Williams v. Apfel*, 65 F. Supp. 2d 1223, 1232-33(N.D. Okla. 1999).  For these reasons, the ALJ erred in his evaluation of Mr. Jeppson's opinions as to Ms. Fox's mental impairments and for this reason, this case must be reversed and remanded for further consideration.

As a result of this error in evaluating Mr. Jeppson's opinions, the ALJ's findings as to Ms. Fox's residual functional capacity and ability to work must also be reconsidered as they relied heavily on the ALJ's rejection of Dr. Jeppson's opinions and his conclusion that Ms. Fox's mental impairments were well controlled with medication.

Therefore, the Court finds that the ALJ erred in his evaluation of Mr. Jeppson's opinions and that error is not harmless.  Thus, the ALJ's decision must be remanded for further consideration of Mr. Jeppson's opinions, as well as Ms. Fox's residual functional capacity and ability to return to her past relevant work.

## **CONCLUSION**

Having determined that the Commissioner's decision is not free of error, the Commissioner's decision is REVERSED and REMANDED for further consideration as to Mr. Jeppson's opinions and how they will impact Ms. Fox's residual functional capacity and her ability to work.

It is so ordered.

DATED this 5th day of November, 2009.

_____
Honorable Dee Benson
United States District Court Judge